NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIRGINIA COMBEST,

        Plaintiff - Appellant,

  v.

LELAND DUDEK, Acting Commissioner
of Social Security,

        Defendant - Appellee.

No. 24-4655

D.C. No.
2:23-cv-00999-MTL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted April 9, 2025
San Francisco, California

Before: SCHROEDER, S.R. THOMAS, and MILLER, Circuit Judges.

Claimant Virginia Combest appeals from the district court's order affirming

the Administrative Law Judge's ("ALJ") denial of disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act.

We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

The ALJ found that objective medical evidence showed that Combest

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

suffered from several medically determinable impairments, both physical and mental, including fibromyalgia, a traumatic brain injury, migraines, post-traumatic stress disorder, and depression. The ALJ nonetheless denied her application at step two of the sequential evaluation process because it found none of her impairments, alone or in combination, were severe.

Step two inquires whether any impairment or combination of impairments "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). We have described this as "a de minimis requirement that screens out only frivolous claims," and proper denial "at step two requires an unambiguous record showing only minimal limitations." *Glanden v. Kijakazi*, 86 F.4th 838, 843–44 (9th Cir. 2023). Combest's claims were not frivolous. She alleged severe functional limitations resulting from the combination of her impairments, and the record did not unambiguously show that her limitations were minimal. The ALJ therefore erred in dismissing her claims at step two.

**REVERSED AND REMANDED.**